**Paul L. MATYA, Plaintiff–Appellant,**

v.

**UNITED REFINING COMPANY, United Refining Company of Pennsylvania, Defendants–Appellees.**

**No. 07–2618–cv.**

United States Court of Appeals,
Second Circuit.

April 21, 2009.

Paul L. Matya, Jr., pro se, Olean, NY, for Appellant.

James N. Schmit, Damon & Morey LLP, Buffalo, NY, for Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Appellant Paul Matya, *pro se*, appeals the district court's grant of summary judgment dismissing his claim of retaliation under Title VII and the New York Human Rights Law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■ We review a district court's order granting summary judgment *de novo*, and ask whether the court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

■ To establish a *prima facie* case of retaliation under Title VII, a plaintiff is required to show by a preponderance of the evidence: (1) that he participated in a protected activity; (2) the defendant knew of the protected activity; (3) he experienced an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. *Cifra v. Gen. Elec. Co.,* 252 F.3d 205, 216 (2d Cir.2001). The *McDonnell Douglas Corp. v. Green,* 411 U.S. 792,

93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), burden shifting analysis applies to retaliation claims brought pursuant to Title VII. *See Terry v. Ashcroft,* 336 F.3d 128, 141 (2d Cir.2003). Accordingly, if a plaintiff establishes a *prima facie* case of retaliation and the employer provides a legitimate, non-retaliatory reason for the challenged adverse action, the plaintiff must present evidence that would be sufficient to permit a rational jury to conclude that the employer's explanation is merely a pretext for impermissible retaliation. *See Cifra,* 252 F.3d at 216 (citations omitted). A successful retaliation claim "is not dependent on the merits of the underlying discrimination complaint." *Davis v. State Univ. of New York,* 802 F.2d 638, 642 (2d Cir.1986). Claims under the New York Human Rights Law are analyzed using the same framework as Title VII claims. *See Schiano v. Quality Payroll Systems, Inc.,* 445 F.3d 597, 609 (2d Cir.2006).

■ Viewing the facts in the light most favorable to Matya, there is a genuine issue of material fact as to whether the United Refining Company of Pennsylvania's ("URCP") stated reason for not rehiring him, that he failed to give sufficient notice of his decision to terminate his employment at the Erie station, is pretextual. There are inconsistencies in the record about when and if Matya provided notice, most notably Bartela's testimony that Gerardine told him around June 18 that Matya was moving to New York while Gerardine claimed not to have found out until weeks later.

Even if Matya did not give ten working-days' notice as required, URCP did not dispute that Gerardine and Bartela both testified at the unemployment insurance benefits hearing that Matya could return to work in Erie, which contradicts Bartela's statement a few weeks later that Mat-

ya was "ineligible" to be rehired because he had failed to give proper notice. The close proximity between Matya's testimony about his discrimination complaint and Bartela's statement to Davis that Matya was ineligible for rehire could also support an inference of pretext. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 180 (2d Cir.2005) (finding a "strong temporal connection" between the plaintiff's involvement in protected activity and the alleged retaliation could provide a sufficient basis for a fact-finder to find the employer's proffered explanation for its actions is pretextual).

Moreover, Matya provided evidence that another URCP employee, Tony Putman, who resigned without the requisite two weeks notice in April 2002, was subsequently rehired in July 2002. Importantly, his supervisor (at least upon rehire) was Bartela. Yet when Bartela was asked about Matya by Davis, he indicated that "the focus of my comments was that Plaintiff failed to provide two weeks notice," and for that reason he was "ineligible" for rehire. While Bartela may not have had the authority to decide whether Matya should be rehired, this inconsistency is evidence from which a jury might reasonably infer a retaliatory motive on the part of URCP.

Given all of the above, as well as URCP's failure to give a specific time-line for when Bartela recommended to Davis that Matya not be rehired, the district court erroneously found that there were no material issues of fact with respect to retaliatory intent. A reasonable jury could find that Bartela's recommendation not to rehire Matya constituted retaliatory discrimination in violation of Title VII and the New York Human Rights Law.

For the foregoing reasons, we **VACATE** the judgment of the district court and

**REMAND** for further proceedings consistent with this opinion.